1 | AMY W. SCHULMAN
DLA PIPER LLP
2 | 1251 Avenue of the Americas
New York, NY 10020
3 | Telephone: (212) 335-4500
Facsimile: (212) 335-4501
4 | amy.schulman@dlapiper.com

5 | STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
6 | Embarcadero Center West
275 Battery Street, Suite 2000
7 | San Francisco, CA 94111
Telephone: (415) 986-5900
8 | Facsimile: (415) 986-8054
sgordon@gordonrees.com
9

10 | MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
11 | 515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
12 | Telephone: (213) 430-3400
Facsimile: (213) 430-3409
13 | michael.zellers@tuckerellis.com

14 | Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND
15 | G.D. SEARLE LLC

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | SAN FRANCISCO DIVISION

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

| | |
|---|---|
| 19 IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND 20 PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1699 ) ) CASE NO. 3:07-cv-03034-CRB ) |
| *This document relates to* | ) |
| 21 CONNIE LAGREW and ZENE GRAY 22 GODDARD, | ) **PFIZER INC., PHARMACIA** ) **CORPORATION, AND G.D.** ) **SEARLE, LLC'S ANSWER TO** ) **COMPLAINT** |
| 23 Plaintiffs, | ) ) **JURY DEMAND ENDORSED** |
| 24 vs. | ) **HEREIN** ) |
| 25 PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, and MONSANTO 26 COMPANY, | ) ) ) ) |
| 27 Defendants. | ) ) |

28

-1-
ANSWER TO COMPLAINT – 3:07-cv-03034-CRB

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1. Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Bextra®. Given that Plaintiffs allege in the Complaint that Monsanto Company was involved in developing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 6, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    in this paragraph of the Complaint.

2    5.    Defendants admit that Searle is a Delaware limited liability company with its principal

3    place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

4    was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

5    and distributed Bextra® in the United States to be prescribed by healthcare providers who are

6    by law authorized to prescribe drugs in accordance with their approval by the FDA.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    6.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

9    Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

10   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

11   to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

12   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

13   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

14   in the agricultural business and does not and has not ever designed, produced, manufactured,

15   sold, resold, or distributed Bextra®.  The 2000 Monsanto is not and has never been the parent

16   of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever designed,

17   produced, manufactured, sold, resold, or distributed Bextra®, Defendants therefore state that

18   the 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining

19   allegations in this paragraph of the Complaint.  Defendants state that the response to this

20   paragraph of the Complaint regarding Monsanto is incorporated by reference in each and every

21   paragraph of the Complaint referring to Monsanto and/or Defendants.

22   7.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

23   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

24   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

25   to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

26   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

27   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

28   in the agricultural business and does not and has not ever designed, produced, manufactured,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   sold, resold, or distributed Bextra®.  The 2000 Monsanto is not and has never been the parent

2   of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever designed,

3   produced, manufactured, sold, resold, or distributed Bextra®, Defendants therefore state that

4   the 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining

5   allegations in this paragraph of the Complaint.

6   8.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

7   business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

8   marketed and co-promoted Bextra® in the United States, including California, to be

9   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

10  with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding

11  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

12  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

13  Defendants deny the remaining allegations in this Paragraph of the Complaint.

14          **Response to Allegations Regarding Jurisdiction and Venue**

15  9.      Defendants are without knowledge or information to form a belief as to the truth of the

16  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

17  therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the

18  amount in controversy exceeds $75,000, exclusive of interests and costs.

19  10.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

21  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

22  Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds

23  $75,000, exclusive of interests and costs.

24  11.     Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding the judicial district in

26  which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

27  committing a tort in the States of Wisconsin, North Carolina, or California and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that they do business in the State of California.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

13.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

16.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

17.    Plaintiffs' Complaint omits Paragraph 17.

18.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    The allegations in this paragraph of the Complaint are not directed toward Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and, therefore, no response is required.  To the extent a response is deemed required,

2    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

3    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

4    form a belief as to the truth of such allegations and, therefore, deny the same.

5    22.    The allegations in this paragraph of the Complaint are not directed toward Defendants

6    and, therefore, no response is required.  To the extent a response is deemed required,

7    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

8    paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

9    form a belief as to the truth of such allegations and, therefore, deny the same.

10   23.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

11   Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the

12   truth of such allegations and, therefore, deny the same.

13   24.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

14   vague and ambiguous.  Defendants are without knowledge or information to form a belief as

15   to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

16   conduct and deny the remaining allegations in this paragraph of the Complaint.

17   25.    Plaintiffs do not allege having used Celebrex® in this Complaint.  Nevertheless,

18   Defendants admit that Celebrex® was launched in the United States in February 1999.

19   Defendants state that Celebrex® was and is safe and effective when used in accordance with

20   its FDA-approved prescribing information.  Defendants admit that, during certain periods of

21   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

22   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

23   with their approval by the FDA.  Defendants admit that, during certain periods of time,

24   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

25   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

26   providers who are by law authorized to prescribe drugs in accordance with their approval by

27   the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are

28   not directed toward Defendants and, therefore, no response is required.  To the extent a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  response is deemed required, Defendants state that Plaintiffs fail to provide the proper context

2  for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.

3  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth

4  of such allegations and, therefore, deny the same. Defendants deny the remaining allegations

5  in this paragraph of the Complaint.

6  26.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

7  on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

8  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

9  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

10 Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

11 ambiguous. Defendants are without knowledge or information to form a belief as to the truth

12 of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations

13 in this paragraph of the Complaint.

14 27.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

15 Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

16 indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

17 arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the

18 remaining allegations in this paragraph of the Complaint.

19 28.    Defendants admit, as indicated in the package insert approved by the FDA, that

20 Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

21 rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny

22 the remaining allegations in this paragraph of the Complaint.

23 29.    Defendants admit, as indicated in the package insert approved by the FDA, that

24 Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

25 rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

26 that Bextra® was and is safe and effective when used in accordance with its FDA-approved

27 prescribing information. Defendants state that the potential effects of Bextra® were and are

28 adequately described in its FDA-approved prescribing information, which at all times was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    adequate and comported with applicable standards of care and law. Defendants deny the

2    remaining allegations in this paragraph of the Complaint.

3    30.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information. Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which at all times was adequate and comported with applicable standards of care and law.

7    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

8    promoted Bextra® in the United States to be prescribed by healthcare providers who are by

9    law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

10    admit that, during certain periods of time, Bextra® was manufactured and packaged for

11    Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United

12    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13    accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations

14    regarding "predecessors in interest" are vague and ambiguous. Defendants are without

15    knowledge or information to form a belief as to the truth of such allegations, and, therefore,

16    deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in

17    this paragraph of the Complaint.

18    31.    Defendants state that the referenced article speaks for itself and respectfully refer the

19    Court to the article for its actual language and text. Any attempt to characterize the article is

20    denied. Defendants state that Bextra® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information. Defendants deny the remaining allegations in

22    this paragraph of the Complaint.

23    32.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24    and, therefore, no response is necessary. Should a response be deemed necessary, Defendants

25    state that the referenced article speaks for itself and respectfully refer the Court to the article

26    for its actual language and text. Any attempt to characterize the article is denied. Defendants

27    deny the remaining allegations in this paragraph of the Complaint.

28    33.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    on January 15, 2001.    Defendants admit that Bextra® was approved by the FDA, on

2    November 16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in

3    this paragraph of the Complaint.

4    34.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which at all times was adequate and comported with applicable standards of care and law.

8    Defendants deny the allegations in this paragraph of the Complaint.

9    35.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

10   respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

11   characterize the Talk Paper is denied.    Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

14   Court to the article for its actual language and text.  Any attempt to characterize the article is

15   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16   37.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-

17   drug approval meta-analysis study" in this paragraph of the Complaint.    Defendants are

18   without sufficient information to confirm or deny such allegations and, therefore, deny the

19   same.  Defendants state that the referenced study speaks for itself and respectfully refer the

20   Court to the study for its actual language and text.  Any attempt to characterize the study is

21   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

23   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

24   state that the referenced article speaks for itself and respectfully refer the Court to the article

25   for its actual language and text.  Any attempt to characterize the article is denied.  Defendants

26   deny the remaining allegations in this paragraph of the Complaint.

27   39.    The allegations in this paragraph of the Complaint are not directed towards Defendants

28   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

2    Management Advisory Committee was held on February 16-18, 2005.  Defendants state that

3    the referenced testimony speaks for itself and respectfully refer the Court to the testimony for

4    its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

5    deny the remaining allegations in this paragraph of the Complaint.

6    40.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

8    deny the remaining allegations in this paragraph of the Complaint.

9    41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

10   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual

11   language and text.  Any attempt to characterize the Alert for Healthcare Professionals is

12   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13   42.    Defendants state that the allegations in this paragraph of the Complaint are not directed

14   toward Defendants, and, therefore, no response is required.

15   43.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

16   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual

17   language and text.  Any attempt to characterize the Alert for Healthcare Professionals is

18   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19   44.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants deny the allegations in this

21   paragraph of the Complaint.

22   45.    Defendants state that the referenced article speaks for itself and respectfully refer the

23   Court to the article for its actual language and text.  Any attempt to characterize the article is

24   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   46.    The allegations in this paragraph of the Complaint are not directed towards Defendants

27   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

28   state that the referenced article speaks for itself and respectfully refer the Court to the article

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

48.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants deny the allegations in this paragraph of the Complaint.

51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   information.  Defendants state that the potential effects of Bextra® were and are adequately

2   described in its FDA-approved prescribing information, which was at all times adequate and

3   comported with applicable standards of care and law.  Defendants are without knowledge or

4   information sufficient to form a belief as to the truth of the allegations regarding whether

5   Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct

6   and deny the allegations in this paragraph of the Complaint.

7   52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

9   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

10  Defendants admit that, during certain periods of time, Bextra® was manufactured and

11  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

12  in the United States to be prescribed by healthcare providers who are by law authorized to

13  prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra®

14  was and is safe and effective when used in accordance with its FDA-approved prescribing

15  information.  Defendants state that the potential effects of Bextra® were and are adequately

16  described in its FDA-approved prescribing information, which was at all times adequate and

17  comported with applicable standards of care and law.   Defendants deny the remaining

18  allegations in this paragraph of the Complaint.

19  53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

21  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

22  Defendants admit that, during certain periods of time, Bextra® was manufactured and

23  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

24  in the United States to be prescribed by healthcare providers who are by law authorized to

25  prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra®

26  was and is safe and effective when used in accordance with its FDA-approved prescribing

27  information.  Defendants state that the potential effects of Bextra® were and are adequately

28  described in its FDA-approved prescribing information, which was at all times adequate and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

comported with applicable standards of care and law.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which at all times was adequate and comported with applicable standards of care and law.

2   Defendants deny the remaining allegations in this paragraph of the Complaint.

3   57.    Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

8   of the Complaint.

9   58.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

14  of the Complaint.

15  59.    Defendants deny the allegations in this paragraph of the Complaint.

16  60.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S.

17  market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining

18  allegations contained in this paragraph of the Complaint.

19  61.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the

24  remaining allegations in this paragraph of the Complaint.

25  62.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

2  of the Complaint.

3  63.     Defendants deny any wrongful conduct and deny the remaining allegations in this

4  paragraph of the Complaint.

5  64.     Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10 promoted Bextra® in the United States to be prescribed by healthcare providers who are by

11 law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12 admit that, during certain periods of time, Bextra® was manufactured and packaged for

13 Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United

14 States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15 accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny

16 the remaining allegations in this paragraph of the Complaint.

17 65.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18 and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

19 are by law authorized to prescribe drugs in accordance with their approval by the FDA.

20 Defendants admit that, during certain periods of time, Bextra® was manufactured and

21 packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

22 in the United States to be prescribed by healthcare providers who are by law authorized to

23 prescribe drugs in accordance with their approval by the FDA.   Defendants deny the

24 remaining allegations in this paragraph of the Complaint.

25 66.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26 and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

27 are by law authorized to prescribe drugs in accordance with their approval by the FDA.

28 Defendants admit that, during certain periods of time, Bextra® was manufactured and

1    packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

2    in the United States to be prescribed by healthcare providers who are by law authorized to

3    prescribe drugs in accordance with their approval by the FDA.  Defendants admit, as indicated

4    in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of

5    the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the

6    treatment of primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the

7    remaining allegations in this paragraph of the Complaint.

8    67.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants are without knowledge or information sufficient to form a belief as to the truth of

13   the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

14   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

15   caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

16   Complaint.

17   68.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants are without knowledge or information sufficient to form a belief as to the truth of

22   the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

23   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

24   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth

25   of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct,

26   deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and

27   deny the remaining allegations in this paragraph of the Complaint.

28   **Response to First Cause of Action: Negligence**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    69.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

2    Complaint as if fully set forth herein.

3    70.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is deemed required.    To the extent a response is deemed required,

5    Defendants admit that they had duties as are imposed by law but deny having breached such

6    duties.    Defendants state that the potential effects of Bextra® were and are adequately

7    described in its FDA-approved prescribing information, which was at all times adequate and

8    comported with applicable standards of care and law.    Defendants state that Bextra® was and

9    is safe and effective when used in accordance with its FDA-approved prescribing information.

10   Defendants deny the remaining allegations in this paragraph of the Complaint.

11   71.    Defendants state that this paragraph of the Complaint contains legal contentions to

12   which no response is deemed required.    To the extent a response is deemed required,

13   Defendants admit that they had duties as are imposed by law but deny having breached such

14   duties.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.    Defendants deny the remaining allegations in

16   this paragraph of the Complaint.

17   72.    Defendants state that this paragraph of the Complaint contains legal contentions to

18   which no response is required.    To the extent that a response is deemed required, Defendants

19   admit that they had duties as are imposed by law but deny having breached such duties.

20   Defendants state that Bextra® was and is safe and effective when used in accordance with its

21   FDA-approved prescribing information.    Defendants state that the potential effects of Bextra®

22   were and are adequately described in its FDA-approved prescribing information, which was at

23   all times adequate and comported with applicable standards of care and law.    Defendants deny

24   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

25   including all subparts.

26   73.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.    Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Second Cause of Action: Strict Liability</u>**

79.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants admit that, during certain periods of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be

2   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

3   with their approval by the FDA.    Defendants admit that, during certain periods of time,

4   Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-

5   promoted and distributed Bextra® in the United States to be prescribed by healthcare

6   providers who are by law authorized to prescribe drugs in accordance with their approval by

7   the FDA.    Defendants state that Bextra® was and is safe and effective when used in

8   accordance with its FDA-approved prescribing information.    Defendants state that the

9   potential effects of Bextra® were and are adequately described in its FDA-approved

10  prescribing information, which was at all times adequate and comported with applicable

11  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

12  Complain.

13  81.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny the allegations in this paragraph of the Complaint.

18  82.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

23  allegations in this paragraph of the Complaint.

24  83.    Defendants state that this paragraph of the Complaint contains legal contentions to

25  which no response is deemed required.    To the extent a response is deemed required,

26  Defendants state that Bextra® was and is safe and effective when used in accordance with its

27  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

28  were and are adequately described in its FDA-approved prescribing information, which was at

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

84.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

95.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

96.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants admit that they provided FDA-approved prescribing information regarding

3    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint,

4    including all subparts.

5    98.    Defendants deny the allegations in this paragraph of the Complaint.

6    99.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants admit that they provided FDA-approved prescribing information regarding

11   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12   100.   Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants admit that they provided FDA-approved prescribing information regarding

17   Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph

18   of the Complaint.

19   101.   Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

21   same.  Defendants admit that they provided FDA-approved prescribing information regarding

22   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   102.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   103.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27   104.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

28   damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**Response to Fourth Cause of Action: Breach of Implied Warranty**

2  105.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3  Complaint as if fully set forth herein.

4  106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

6  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

7  Defendants admit that, during certain periods of time, Bextra® was manufactured and

8  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

9  in the United States to be prescribed by healthcare providers who are by law authorized to

10 prescribe drugs in accordance with their approval by the FDA.    Defendants deny the

11 remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12 107.    Defendants admit that they provided FDA-approved prescribing information regarding

13 Bextra®.    Defendants admit, as indicated in the package insert approved by the FDA, that

14 Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

15 rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.    Defendants state

16 that Bextra® was and is safe and effective when used in accordance with its FDA-approved

17 prescribing information.    Defendants deny the remaining allegations in this paragraph of the

18 Complaint.

19 108.    Defendants are without knowledge or information sufficient to form a belief as to the

20 truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

21 same.    Defendants admit, as indicated in the package insert approved by the FDA, that

22 Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

23 rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.    Defendants deny

24 the remaining allegations in this paragraph of the Complaint.

25 109.    Defendants are without knowledge or information sufficient to form a belief as to the

26 truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

27 same.    Defendants state that Bextra® was and is safe and effective when used in accordance

28 with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

1 this paragraph of the Complaint.

2 110. Defendants are without knowledge or information sufficient to form a belief as to the

3 truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

4 same.  Defendants state that Bextra® was expected to reach consumers without substantial

5 change in the condition from the time of sale.  Defendants deny the remaining allegations in

6 this paragraph of the Complaint.

7 111. Defendants are without knowledge or information sufficient to form a belief as to the

8 truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

9 same.  Defendants state that Bextra® was and is safe and effective when used in accordance

10 with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

11 deny the remaining allegations in this paragraph of the Complaint.

12 112. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

13 damage, and deny the remaining allegations in this paragraph of the Complaint.

14 113. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

15 damage, and deny the remaining allegations in this paragraph of the Complaint.

16 114. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

17 damage, and deny the remaining allegations in this paragraph of the Complaint.

18 **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

19 115. Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20 Complaint as if fully set forth herein.

21 116. Defendants state that this paragraph of the Complaint contains legal contentions to

22 which no response is deemed required.  To the extent a response is deemed required,

23 Defendants admit that they had duties as are imposed by law but deny having breached such

24 duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

25 with its FDA-approved prescribing information.  Defendants state that the potential effects of

26 Bextra® were and are adequately described in its FDA-approved prescribing information,

27 which was at all times adequate and comported with applicable standards of care and law.

28 Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   117.    Defendants state that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendants state that the potential effects of

3   Bextra® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

6   of the Complaint, including all subparts.

7   118.    Defendants state that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants state that the potential effects of

9   Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

12  of the Complaint.

13  119.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

18  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

19  120.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

24  of the Complaint.

25  121.    Defendants deny any wrongful conduct and deny the remaining allegations in this

26  paragraph of the Complaint.

27  122.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2    paragraph of the Complaint.

3    123.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

5    same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

6    paragraph of the Complaint.

7    124.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

9    same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

10    paragraph of the Complaint.

11    125.    Defendants deny any wrongful conduct and deny the remaining allegations in this

12    paragraph of the Complaint.

13    126.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph

20    of the Complaint.

21    127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

22    damage, and deny the remaining allegations in this paragraph of the Complaint.

23    128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

24    damage, and deny the remaining allegations in this paragraph of the Complaint.

25    129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

26    damage, and deny the remaining allegations in this paragraph of the Complaint.

27    **Response to Sixth Cause of Action: Unjust Enrichment**

28    130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

1   Complaint as if fully set forth herein.

2   131.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

4   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

5   Defendants admit that, during certain periods of time, Bextra® was manufactured and

6   packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

7   in the United States to be prescribed by healthcare providers who are by law authorized to

8   prescribe drugs in accordance with their approval by the FDA.   Defendants deny the

9   remaining allegations in this paragraph of the Complaint.

10   132.   Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

12   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13   133.   Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16   134.   Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

18   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

20   this paragraph of the Complaint.

21   135.   Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

23   same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   136.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27                               **Response to Prayer for Relief**

28         Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

2  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

3  ### III.

4  ### GENERAL DENIAL

5  Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

6  Complaint that have not been previously admitted, denied, or explained.

7  ### IV.

8  ### AFFIRMATIVE DEFENSES

9  Defendants reserve the right to rely upon any of the following or additional defenses to

10  claims asserted by Plaintiffs to the extent that such defenses are supported by information

11  developed through discovery or evidence at trial.  Defendants affirmatively show that:

12  ### First Defense

13  1.    The Complaint fails to state a claim upon which relief can be granted.

14  ### Second Defense

15  2.    Bextra® is a prescription medical product.  The federal government has preempted the

16  field of law applicable to the labeling and warning of prescription medical products.

17  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

18  federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim

19  upon which relief can be granted; such claims, if allowed, would conflict with applicable

20  federal law and violate the Supremacy Clause of the United States Constitution.

21  ### Third Defense

22  3.    At all relevant times, Defendants provided proper warnings, information, and

23  instructions for the drug in accordance with generally recognized and prevailing standards in

24  existence at the time.

25  ### Fourth Defense

26  4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

27  Bextra® conformed to the generally recognized, reasonably available, and reliable state of

28  knowledge at the time the drug was manufactured, marketed, and distributed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifth Defense**

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.      Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.      Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.      Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.      A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Nineteenth Defense

2    19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore,

3    the doctrine of assumption of the risk bars or diminishes any recovery.

4

### Twentieth Defense

5    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

6    preempted in accordance with the Supremacy Clause of the United States Constitution and by

7    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

8

### Twenty-first Defense

9    21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

10    the subject pharmaceutical product at issue was subject to and received pre-market approval

11    by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

12

### Twenty-second Defense

13    22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in

14    Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

15    and Plaintiffs' causes of action are preempted.

16

### Twenty-third Defense

17    23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

18    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

19    issue under applicable federal laws, regulations, and rules.

20

### Twenty-fourth Defense

21    24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

22    action concerning matters regulated by the Food and Drug Administration under applicable

23    federal laws, regulations, and rules.

24

### Twenty-fifth Defense

25    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

26    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

27    of Comment j to Section 402A of the Restatement (Second) of Torts.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-sixth Defense

2  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

3  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

4  Restatement (Second) of Torts § 402A, Comment k.

5

### Twenty-seventh Defense

6  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

7  product at issue "provides net benefits for a class of patients" within the meaning of Comment

8  f to § 6 of the Restatement (Third) of Torts: Products Liability.

9

### Twenty-eighth Defense

10  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

11  Products Liability.

12

### Twenty-ninth Defense

13  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

14  plead facts sufficient under the law to justify an award of punitive damages.

15

### Thirtieth Defense

16  30.    The imposition of punitive damages in this case would violate Defendants' rights to

17  procedural due process under the Fourteenth Amendment of the United States Constitution,

18  the Constitutions of the States of Wisconsin, North Carolina, and California, and would

19  additionally violate Defendants' right to substantive due process under the Fourteenth

20  Amendment of the United States Constitution.

21

### Thirty-first Defense

22  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

23  Fourteenth Amendments to the United States Constitution.

24

### Thirty-second Defense

25  32.    The imposition of punitive damages in this case would violate the First Amendment to

26  the United States Constitution.

27

### Thirty-third Defense

28  33.    Plaintiffs' punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Wisconsin, North Carolina, and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for

vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Forty-second Defense

2   42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

3   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

4   intended, and was distributed with adequate and sufficient warnings.

5   ### Forty-third Defense

6   43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

7   waiver, and/or estoppel.

8   ### Forty-fourth Defense

9   44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

10  pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

11  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and

12  were independent of or far removed from Defendants' conduct.

13  ### Forty-fifth Defense

14  45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

15  did not proximately cause injuries or damages to Plaintiffs.

16  ### Forty-sixth Defense

17  46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

18  did not incur any ascertainable loss as a result of Defendants' conduct.

19  ### Forty-seventh Defense

20  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

21  manufacturing, labeling, packaging, and any advertising of the product complied with the

22  applicable codes, standards and regulations established, adopted, promulgated or approved by

23  any applicable regulatory body, including but not limited to the United States, any state, and

24  any agency thereof.

25  ### Forty-eighth Defense

26  48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the

27  product labeling contained the information that Plaintiffs contend should have been provided.

28

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C. Gen. Stat. § 99B-4(1) in that the use of the products may have been contrary to express and adequate instructions or warnings provided to Plaintiffs by their physician(s).

**Fifty-ninth Defense**

59.     Upon information and belief, Plaintiffs continued to use Bextra® after they learned of its alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina common law and N.C. Gen. Stat. § 99B-4(2).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixtieth Defense

60.    If it is discovered that Plaintiffs failed to exercise reasonable are under the circumstances in the use of Bextra®, and Plaintiffs' failure was a proximate cause of Plaintiffs' alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to Plaintiffs' right to recover against Defendants.

### Sixty-first Defense

61.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits Defendants' responsibility to provide product warnings directly to consumers of prescription drugs.

### Sixty-second Defense

62.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen. Stat. § 99B-6, and all of its subparts.

### Sixty-third Defense

63.    To the extent not separately stated, Defendants plead as an affirmative defense all the applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

### Sixty-fourth Defense

64.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

1   than an amount which equals their proportionate share, if any, of the total fault or other

2   liability which proximately caused Plaintiffs' injuries and damages; and

3   6.      That Defendants have such other and further relief as the Court deems appropriate.

4

5   September 13, 2007                              GORDON & REES LLP

6

7                                                  By: : _____/s/_____
                                                       Stuart M. Gordon

8                                                      sgordon@gordonrees.com
                                                       Embarcadero Center West

9                                                      275 Battery Street, 20th Floor
                                                       San Francisco, CA 94111

10                                                     Telephone:  (415) 986-5900
                                                       Fax:  (415) 986-8054

11

12  September 13, 2007                              TUCKER ELLIS & WEST LLP

13

14                                                 By: : _____/s/_____
                                                       Michael C. Zellers

15                                                     michael.zellers@tuckerellis.com
                                                       515 South Flower Street, Suite 4200

16                                                     Los Angeles, CA  90071-2223
                                                       Telephone:  (213) 430-3400

17                                                     Fax:  (213) 430-3409

18                                                     Attorneys for Defendants
                                                       PFIZER INC., PHARMACIA

19                                                     CORPORATION, AND G.D. SEARLE
                                                       LLC

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-03034-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand

3  a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of

4  Civil Procedure.

5  September 13, 2007                    GORDON & REES LLP

6

7                                       By: :_____/s/_____

8                                           Stuart M. Gordon
                                            sgordon@gordonrees.com
9                                           Embarcadero Center West
                                            275 Battery Street, 20th Floor
10                                          San Francisco, CA  94111
                                            Telephone:  (415) 986-5900
11                                          Fax:  (415) 986-8054

12  September 13, 2007                   TUCKER ELLIS & WEST LLP

13

14                                      By: :_____/s/_____

15                                          Michael C. Zellers
                                            michael.zellers@tuckerellis.com
16                                          515 South Flower Street, Suite 4200
                                            Los Angeles, CA 90071-2223
17                                          Telephone:  (213) 430-3400
                                            Fax:  (213) 430-3409

18                                          Attorneys for Defendants
19                                          PFIZER INC., PHARMACIA
                                            CORPORATION, AND G.D. SEARLE
20                                          LLC

21

22

23

24

25

26

27

28